**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **ROMARY ASSOCIATES, INC.,** )<br>)<br>**Plaintiff / Counterclaim Defendant,** )<br>)<br>v. )<br>)<br>**KIBBI LLC d/b/a RENEGADE** )<br>**CUSTOM COACHES AND** )<br>**TRAILERS, MCKIBBIN** )<br>**ENTERPRISES, INC., and KIBBI, INC.,** )<br>)<br>**Defendants / Counterclaim Plaintiffs.** ) | **CAUSE NO.: 1:10-CV-376** |

## REPORT AND RECOMMENDATION

In this suit for patent infringement, unfair competition, breach of contract, tortious interference, and misappropriation of trade secrets, Defendant Kibbi, LLC d/b/a Renegade Custom Coaches and Trailers ("Renegade") has filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). (Docket # 33.) In that Motion, Renegade asks the Court to dismiss Count 2 (unfair competition), Count 3 (breach of contract), and Count 5 (misappropriation of trade secrets) of the Plaintiff Romary Associates' Complaint.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1, District Judge Jon E. DeGuilio referred the motion to the undersigned Magistrate Judge for the issuance of a Report and Recommendation. (Docket # 43.) Having reviewed the record, the undersigned Magistrate Judge recommends that the motion be GRANTED concerning Count 2 of the Complaint, but otherwise DENIED. This Report and Recommendation is based on the following facts and principles of law.

1

## I. Factual and Procedural History[1]

Romary developed and markets the Bankroll—a "mobile banking concept," which is essentially a little branch bank attached to the chassis of an RV. (*See* Compl. 15-29.) Renegade, as well as Defendants McKibbin Enterprises and Kibbi, Inc., specializes in building custom coaches and trailers.[2] (Compl. ¶ 14.) In 2004, Romary approached the Defendants about producing the Bankroll, and as a result Charles McKibbin signed a Non-Disclosure Agreement ("the NDA"), ostensibly on behalf of all the Defendants.[3] (Compl. ¶¶ 14, 20; p.12-14.) Under the terms of the NDA, Renegade is prohibited from using, disseminating, or disclosing any of Romary's purported "Secret Information" to any other person or organization for any reason. (Compl. 12-13.) The NDA also purports to restrict Renegade, for a period of ten years, from rendering services to any entity engaged in business that "resembles or competes with a product, process, or service of Romary," and likewise restricts Renegade from approaching any of Romary's customers or engaging in a similar business. (Compl. 13.)

After Mr. McKibbin signed the NDA, Romary disclosed its so-called Secret Information, which consisted of the mobile banking concept and design, as well as a Bankroll prototype. (Compl. ¶ 20.) Romary also alleges that it disclosed "business, pricing, marketing, and other plans," including its intention to market and sell the Bankroll. (Compl. ¶ 21.) At some later point the relationship between Romary and Renegade ended.

On October 27, 2010, Romary filed suit, alleging that Renegade is now manufacturing

---

[1] The following recitation is drawn from Romary's Complaint.

[2] Although not relevant to the present Motion, Romary claims—and Renegade denies—that Renegade is a successor in interest to Kibbi, Inc., and McKibbin Enterprises. (Compl. ¶ 5, 6.)

[3] In its Answer, Renegade specifically denies that it is a party to the NDA. (Answer ¶ 15.) For purposes of this motion, however, Renegade does not contest that it is bound by the NDA. (Br. 8.)

2

and selling mobile banking units confusingly similar to the Bankroll. (Compl. ¶¶ 22-24.) Count 1 of Romary's Complaint seeks damages for patent infringement; Count 2 alleges unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); Count 3 claims Renegade breached the NDA; Count 4 seeks damages for tortious interference with Romary's business relationships; and Count 5 alleges misappropriation of Romary's trade secrets. (Compl. ¶¶ 29-67.)

Now before the Court is Renegade's fully-briefed Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), seeking judgment in its favor on Counts 2, 3, and 5. (Docket ## 33, 34, 38, 39.) As discussed below, the undersigned Magistrate Judge recommends granting Renegade's Motion in connection with the Lanham Act claim (Count 2), but otherwise recommends its denial.

## II. Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Therefore, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff, *Mallett v. Wis. Div. of Vocational Rehab.*, 130 F.3d 1245, 1248 (7th Cir. 1997), but to survive the motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must therefore provide more than mere legal conclusions and "a formulaic recitation of the elements of a cause of action." *Id*. at 555.

Although a complaint need not contain "detailed factual allegations," it must set forth the facts with enough specificity "to raise a right to relief above the speculative level." *Id*. This

3

standard requires enough facts "to raise a reasonable expectation that discovery will reveal evidence of [the claim]," *id.* at 556, and if the plaintiff presents nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," the complaint falls well-short of what is required. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2008). "The fact that the allegations undergirding a plaintiff's claim could be true is no longer enough to save it." *Atkins v. City of Chicago*, 631 F.3d 823, 831 (7th Cir. 2011).

### III. Count 2 - Unfair Competition

Renegade first asks for judgment on Count 2 and argues that Romary has no protectable trade dress rights in the Bankroll under the Lanham Act, and certainly none through secondary meaning. *See Wal-Mart Stores, Inc. v. Samara Bros, Inc.*, 529 U.S. 205, 216 (2000) (holding that unregistered trade dress is not inherently distinctive and, as such, " a product's design is distinctive, and therefore protectable, only upon a showing of secondary meaning.").

In response, Romary essentially concedes that Renegade is entitled to judgment on Count 2 and that its Lanham Act claim should be dismissed, but gamely argues that any such dismissal should only be without prejudice, because "[Renegade] do[es] not, and cannot, argue that Romary is incapable of pleading the elements of trade dress infringement—only that it has not done so." (Resp. Br. 1.) Apparently, Romary believes that even though it concedes in the face of a Rule 12(c) motion that its pleading is deficient to make out a Lanham Act claim as a matter of law, the claim should only be dismissed without prejudice because it may eventually uncover facts that will allow it to amend its Complaint to assert such a claim.[4]

---

[4] The unspoken notion that Romary has time remaining to amend its Complaint is simply wrong. Indeed, the deadline for such amendments expired on April 1, 2011 (Docket #28), while Renegade's Motion, filed on March 23, 2011, was pending.

4

Romary's summary argument, which is not supported by any case law, suffers from a misapprehension concerning the purpose of a Rule 12(c) Motion for Judgment on the Pleadings. "Although employing the standard of review of a motion to dismiss, a motion for judgment on the pleadings results in the final disposition of the case if judgment is entered for the movant." *Collins v. Purdue Univ.*, 703 F. Supp. 2d 862, 870-71 (N.D. Ind. 2010) (citing 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1369, 261 (3d ed. 2004) ("Both the summary judgment procedure and the motion for judgment on the pleadings are concerned with the substance of the parties' claims and defenses and are directed towards a final judgment on the merits.")). *See also Republic Steel Corp. v. Penn. Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir. 1986) ("Like the summary judgment procedure, a motion under Rule 12(c) is directed towards a final judgment on the merits."); *Collins v. Bolton*, 287 F. Supp. 393, 396 (N.D. Ill. 1968) ("It is settled that a motion for a judgment on the pleadings is a motion for a judgment on the merits."). Because a Rule 12(c) Motion grants a final judgment on the merits, the dismissal is with prejudice. *See Swoope v. Gary Comm. School Corp.*, No. 2:10-cv-423, 2011 WL 1598950, at *8 (N.D. Ind. Apr. 26, 2011) (granting final judgment under Rule 12(c) and dismissing claims with prejudice); *Elias v. Stewart Title of Illinois*, No. 9 C 6773, 2011 WL 1157534, at *3 (N.D. Ill. Mar. 29, 2011) (same); *Wozniak v. Argonne Nat. Laboratory*, No. 9 C 7702, 2010 WL 3958426, at *5 (N.D. Ill. Oct. 1, 2010) (same).

Here, Romary concedes that Count 2 fails to make out a claim for trade dress infringement as a matter of law (Br. 1), and thus it follows that Renegade is entitled to a final judgment on the merits in its favor. *See Collins*, 703 F. Supp. 2d at 870-71. Romary's cursory argument is a bit of a *non sequitor*; that is, despite facing a motion for judgment on the pleadings

5

(as opposed to a motion to dismiss for failure to state a claim, where pleading do-overs are often permitted), and their implicit concession that they lack any facts, proof, or even the hope that meaninful evidence will turn up to support their allegations, they urge allowing the claim to hang over the case like a "Sword of Damocles." In short, Romary's argument runs counter to the purpose and intent of Renegade's Motion and the applicable case law. Accordingly, Renegade's Motion should be GRANTED and Count 2 dismissed with prejudice. *See Swoope*, 2011 WL 1598950, at *8; *Elias*, 2011 WL 1157534, at *3; *Wozniak*, 2010 WL 3958426, at *5.

## IV. Count 3 - Breach of Contract

Renegade next argues that Romary's breach of contract claim should also be dismissed. In Count 3, Romary alleges that Renegade breached the NDA, in which it promised not to disclose any of Romary's business secrets or to compete against Romary for 10 years. (Compl. 7-8, 12-14.) Renegade argues that Romary's effort to enforce the anti-compete provision of the NDA is misplaced because that clause is not ancillary to either an employment agreement or the sale of a business (as Renegade alleges it must be) and that, in any event, it is both overbroad and contains an impermissibly long temporal restriction.

In attacking Count 3, however, Renegade never mentions that Romary's breach of contract claim principally relies on the non-disclosure clause of the NDA and its accompanying confidentiality provision. Therefore, even if the Court were to determine that the non-compete clause of the NDA is unenforceable as a matter of law, Romary still has an unchallenged and seemingly viable breach of contract claim concerning the confidentiality provision.[5] *See*

---

[5] Furthermore, Renegade is incorrect that a covenant not to compete must be ancillary to an employment agreement or the sale of a business. "While most often the enforceability of a covenant not to compete arises in the context of a sale of a business or a contract between employer and employee, [t]he rule is well established that such a clause is good if it is ancillary to any lawful contract subject, of course, to the test of reasonableness of the covenant and whether it is inimical to the public welfare." *McCart v. H&R Block, Inc*,, 470 N.E.2d 756, 763 (Ind. Ct.

*Hawkins v. Flambeau*, No. 4:05-cv-163, 2007 WL 2710947, at *6-7 (S.D. Ind. June 5, 2007) (discussing claim for breach of confidentiality agreement in a pre-disclosure idea submission contract and noting that such contracts are enforceable as long as they are supported by adequate consideration, such as an agreement not to disclose trade secrets). Accordingly, Renegade is not entitled to judgment on the pleadings with respect to Count 3.

## V. Count 5 - Misappropriation of Trade Secrets

Finally, Renegade asks the Court to dismiss Count 5 of Romary's Complaint for the misappropriation of trade secrets. Renegade argues that Romary failed to plead the claim with sufficient particularity, and that, in any event, Romary's claim for trade secret misappropriation is now moot because Romary ultimately secured a patent for a mobile banking vehicle (US Patent 7,475,809 ("the '809 Patent")) disclosing such secrets. Romary counters that Renegade is attempting to hold it to a heightened pleading standard and that its Complaint does all that it is required to do; that is, it put Renegade on notice of Romary's claim. Additionally, Romary argues that not all of its claimed trade secrets were disclosed in the '809 Patent, and that in any event, Renegade's misappropriation likely occurred prior to the August 2007 publication of the '809 Patent.

In Indiana, a protectable trade secret is "1) information; 2) deriving independent economic value; 3) not generally known, or readily ascertainable by proper means by others who can obtain economic value from its disclosure or use; and 4) the subject of efforts, reasonable

---

App. 1984) (internal quotation omitted). *See also Baker's Aid v. Hussmann Food Service Co.*, 730 F. Supp. 1209, 1214 (E.D.N.Y. 1990) ("There is, in fact, at least a third strain of cases dealing with covenants not to compete that are made as a part of an ordinary commercial contract."). The viability of the covenant not to compete depends in this context, of course, on the facts surrounding the contract between Romary and Renegade.

7

under the circumstances, to maintain its secrecy." *Zemco Mfg., Inc. v. Navistar Int'l. Transp. Corp.*, 759 N.E.2d 239, 245 (Ind. Ct. App. 2001) (citing *Burk v. Heritage Food Serv. Equip., Inc.*, 737 N.E.2d 803, 813 (Ind. Ct. App. 2000)). "'Misappropriation' is . . . disclosure or use of a trade secret without consent by one who knew or had reason to know the trade secret was 'acquired under circumstances giving rise to a duty to maintain secrecy or limit its use" or derived from one who "owed a duty to the person seeking relief to maintain its secrecy or limit its use.'" *CoMentis, Inc. v. Purdue Research Found.*, — F. Supp. 2d —, 2011 WL 308414, at *6 (N.D. Ind. Jan. 25, 2011) (quoting Ind. Code § 24-2-3-2(2)(B)(ii)-(iii)).

As Renegade sees it, Romary has failed to specifically identify the information it believes is a protectable trade secret, and in fact, "has provided nothing more than a generalized list of . . . topics" copied from Indiana's broad statutory definition of the term. (Br. 13.)

In making this argument, however, Renegade overlooks that at the pleading stage, the Complaint need only provide enough facts to show that the claim is "plausible on its face." *Twombly*, 556 U.S. at 570. "Courts are in general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation." *Dick Corp. v. SNC-Lavalin Constructors, Inc.*, No. 04 C 1043, 2004 WL 2967556, at *9 (N.D. Ill. Nov. 24, 2004) (citing *Automed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 920-21 (N.D. Ill. 2001); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 755 F. Supp. 635, 636 (D. Del. 1991)). "The query is whether the allegations provide the defendants with notice as to the substance of the claims." *Id.* (citing *Automed Techs.*, 160 F. Supp. 2d at 921).

To the extent the allegations in the Complaint may ultimately require more specificity, "[t]he details are 'most efficiently learned through the flexible discovery process.'" *Enigma*

*Mktg. & Travel Solutions v. Forethought Fin. Servs., Inc.*, No. 1:09-cv-473, 2010 WL 3326811, at *2 (S.D. Ind. Aug. 23, 2010) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007)). *See also BondPro Corp. v. Siemens Westinghouse Power Corp.*, 320 F. Supp. 2d 804, 807 (W.D. Wis. 2004) ("If defendant needs more specificity [about the nature of the trade secrets allegedly misappropriated], it can obtain it through discovery.").

The Complaint alleges that "[p]ursuant to the [NDA], Romary . . . disclosed business, pricing, marketing, and other plans, including Romary's intention to market and attempt to sell mobile banking units to banks." (Compl. ¶ 21.) Romary further alleges that it disclosed "information regarding research, development, design, construction, marketing, advertising, intended customers, merchandising, pricing, and accounting related to [its] mobile banking concepts and designs." (Compl. ¶ 56.)

Although Romary's Complaint will never be held up as a model of specificity, it offers just enough—by giving Renegade fair notice of the basis of the trade secret misappropriation claim—to fulfill the liberal pleading requirement of Federal Rule of Civil Procedure 8(a). After all, the Complaint is clear that Romary considers nearly everything surrounding the mobile banking concept to be a trade secret, including research, development, design, construction, marketing, advertising, intended customers, merchandising, pricing, and accounting. And Romary alleges that Renegade co-opted these assets. (Compl. ¶ 62.)

Although Renegade is correct that Romary's trade secret recitation is both extensive and somewhat summary, it nevertheless provides all the notice to which Renegade is entitled. *Cf. Dick Corp.*, 2004 WL 2967556, at *9 (finding list of "scheduling information, cost projections, cost information, bidding information and other financial reports" a sufficient description of

alleged trade secrets); *Labor Ready, Inc. v. Williams Staffing, LLC*, 149 F. Supp. 2d 398, 412 (N.D. Ill. 2001) (holding that trade secrets alleged as "unique, confidential business practices, models and data . . . pricing data . . . formats, manuals . . . and marketing strategies" satisfied notice pleading requirements); *MJ Partners Rest., Ltd. v. Zadikoff*, 10 F. Supp. 2d 922, 933 (N.D. Ill. 1998) (holding that "information regarding suppliers, sales, employee history, gross profits, revenues, expenses, financing agreements, investor lists, marketing plans, and special customer relationships" sufficiently pled the claimed trade secrets).

Renegade's seeming proposition that Romary's claimed trade secrets will ultimately be revealed as unprotectable (most typically a topic at the summary judgment stage, and most certainly at trial) does not mean that the Court must declare Romary's present pleading infirm.[6] Renegade, of course, may, and apparently has already begun to, learn more about Romary's alleged trade secrets through discovery. *Concentra Health Servs., Inc.*, 496 F.3d at 779; *Enigma Mktg.*, 2010 WL 3326811, at *2; *BondPro Corp.*, 320 F. Supp. 2d at 807. And while Renegade's discovery efforts may yield useful information supporting its over-arching view of Romary's claim, its present stab at dismissing Count 5 is both premature and unpersuasive.

Moreover, to the extent Renegade suggests that Romary's alleged trade secrets were ultimately disclosed during and through the '809 Patent process, it ignores the alleged trade secrets surrounding such things as pricing, marketing, and selling of the Bankroll, none of which would have likely been disclosed during the patent process. Furthermore, as Romary points out, even if all of the trade secrets were eventually disclosed through the '809 Patent, Renegade's

---

[6] Renegade principally relies on cases such as *IDX Systems Corp. v. Epic Systems Corp.*, 285 F.3d 581, 583 (7th Cir. 2002); *Eaton Corp. v. Appliance Valves Corp.*, 526 F. Supp. 1172, 1179 (N.D. Ind. 1981); and *Zemco Manufacturing., Inc.*, 759 N.E.2d at 245-46, but these involved either a motion for summary judgment or a preliminary injunction and thus they are not persuasive authority when the issue is the sufficiency of the pleadings.

misappropriation allegedly occurred prior to the patent's issuance and thus remains actionable.[7] Accordingly, Renegade is also not entitled to judgment on Count 5 of the Complaint.

### VI. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Motion for Judgment on the Pleadings (Docket # 33) be GRANTED concerning Count 2 of the Complaint, but otherwise DENIED.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED.

Entered this 17th day of June, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[7] Renegade does not directly reply to this argument, and apparently does not dispute that Romary has brought its claim within the statute of limitations. *See* Ind. Code § 24-2-3-7.