UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROMARY ASSOCIATES INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-CV-376 JD |
| | ) |
| KIBBI LLC, | ) |
| d/b/a Renegade Custom Coaches and Trailers, | ) |
| et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER

On October 27, 2010, Plaintiff, Romary Associates Inc ("Romary"), filed a five-claim complaint against several Defendants. *See* DE 1. On March 23, 2011, Defendant, Kibbi LLC, filed a motion for judgment on the pleadings. *See* DE 33. Therein, Kibbi LLC argues that three of the Romary's five claims are unsustainable as pled. *See* DE 34. Specifically, Kibbi LLC asserts that Romary's second cause of action, unfair competition under the Lanham Act, is not legally actionable, contending that Romary's assertions of "trade dress" and "inherently distinctive product design" can not be applied in protection of product concepts and ideas. Additionally, Kibbi LLC argues that Romary's third claim, breach of contract, is not actionable under Indiana law, primarily because the parties' "covenant not to compete" agreement is not reasonable. Finally, Kibbi LLC contends that Romary's fifth claim, misappropriation of trade secrets, is not plausibly plead because the trade secrets identified in the complaint are either too broad to provide adequate notice or are otherwise disclosed in Kibbi LLC's patent and are, therefore, not secret.

On April 20, 2011, Plaintiff, Romary Associates Inc ("Romary") filed a response in

opposition, conceding that its second claim should be dismissed without prejudice but challenging Kibbi LLC's other arguments. *See* DE 38. On May 2, 2010, Kibbi LLC filed a reply. *See* DE 39.

On June 7, 2011, the undersigned referred the motion to Magistrate Judge Cosbey for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1(c). *See* DE 43. On June 17, 2011, Magistrate Judge Cosbey issued his Report and Recommendation. *See* DE 44. Therein, Magistrate Judge Cosbey recommends that the motion for judgment on the pleadings be granted in part and denied in part. *See* DE 44.

Specifically, Magistrate Judge Cosbey recommends that Romary's claim for unfair competition be dismissed with prejudice based on Romary's concession that the claim be dismissed and Romary's lack of substantive argument that dismissal be made without prejudice. *See* DE 44 at 4-6. However, Magistrate Judge Cosbey recommends denying entering judgment on Romary's breach of contract claim, concluding that the claim would remain pending in relation to the confidentiality provision of the parties' non-disclosure agreement, regardless of the viability and reasonableness of the agreement's covenant not to compete provision. *See* DE 44 at 6-7. In addition, Magistrate Judge Cosbey recommends denying entering judgment on Romary's claim for misappropriation of trade secrets, concluding that Romary's claim is pled with sufficient particularity to provide Kibbi LLC with notice of the allegedly misappropriated intellectual property. *See* DE 44 at 7-9.

As of this date, no party has filed an objection to the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) (affording the parties fourteen days to file objections).

The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrates Judge's Report and Recommendation to which specific written objection have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a Magistrate Judge's Report and Recommendation and the District Court's standard of review for resolving objections). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court also "waives the right to appeal all issues addressed in the recommendation, both factual and legal.". *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) permit the parties to file objections to a Report and Recommendation within fourteen days of being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). More than 14 days have passed since the entry of Magistrate Judge Cosbey's Report and Recommendation, and no party has filed an objection. Consequently, because the time period for objections has passed, the Court considers

there to be no objection to Magistrate Judge Cosbey's Report and Recommendation.

Having reviewed the Report and Recommendation and finding no clear error therein, the Court **ADOPTS** the Report and Recommendation in its entirety, [DE 44], and incorporates all of Magistrate Judge Cosbey's findings and recommendations into this order. Accordingly, the Court now **GRANTS IN PART** and **DENIES IN PART** Kibbi LLC's motion for judgment on the pleadings. [DE 33]. Specifically, the Court **DISMISSES WITH PREJUDICE** Count II of Romary's complaint. However, the rest of Romary's claims remain pending as pled.

SO ORDERED.

ENTERED: July 12, 2011

      /s/ JON D. DEGUILIO
Judge
United States District Court