UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROMARY ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff / Counterclaim Defendant, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:10-CV-376 |
| ) | |
| KIBBI LLC d/b/a RENEGADE ) | |
| CUSTOM COACHES AND ) | |
| TRAILERS, MCKIBBIN ) | |
| ENTERPRISES, INC., and KIBBI, INC., ) | |
| ) | |
| Defendants / Counterclaim Plaintiffs. ) | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on the Motion to Compel filed by Defendants Kibbi LLC, McKibbin Enterprises, Inc., and Kibbi Inc., collectively, ("Renegade"), requesting that the Court compel the Plaintiff Romary Associates, Inc. ("Romary"), to provide complete answers to Renegade's interrogatories, to declare all of Romary's objections to the interrogatories waived, and to award Renegade attorney's fees. (Docket # 48.) For the following reasons, Renegade's Motion to Compel will be DENIED IN PART and GRANTED IN PART.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On May 23, 2011, Renegade served Romary with interrogatories and requests for document production. (Def.'s Mot. to Compel Ex. A.) When the deadline for responding passed, Renegade sent Romary a letter on June 30th, informing Romary that its responses were overdue and asking when Renegade could expect them. (Def.'s Mot. to Compel Ex. B.) On July

1

6, 2011, Romary's counsel responded via email, stating that he expected to serve responses to the requests by the end of the following week—July 15th. (Def.'s Mot. to Compel. Ex C.)

After Romary failed to respond by this time, Renegade counsel sent a second letter to Romary counsel on July 19, 2011, reminding Romary that its responses were untimely and that this untimeliness hindered Renegade's ability to meet the August 5th deadline for serving its invalidity contentions. (Def.'s Mot. to Compel Ex. D.) Renegade counsel also requested that Romary indicate a time on July 22nd that Romary counsel could have a telephone conference to resolve the discovery issues. (Def.'s Mot. to Compel. Ex. D.) Romary counsel responded via email the same day, stating that he intended to produce the interrogatories by the 22nd and indicating times for a telephone conference on the 22nd if he did not do so. (Def.'s Mot. to Compel Ex. E.) Counsel for both parties held the telephone conference on July 22, 2011. (Def's Mot. to Compel 3.) Romary's counsel made assurances that the responses to both the document requests and the interrogatories were forthcoming. (Def's Mot. to Compel 3.) Romary also offered to stipulate to an extension of time for Renegade to serve invalidity contentions. (Pl.'s Resp. 2.) On July 28, 2011, Romary served its responses to Renegade's document requests, but not to the outstanding interrogatories. (Def.'s Mot. to Compel 3.)

On August 1, 2011, Renegade and Romary stipulated to a three-week extension on the invalidity contentions, and Romary indicated that it would readily stipulate to further extensions. (Pl.'s Resp. 2.) Renegade filed the agreed stipulation on August 3, 2011. (Docket # 46.) While Romary says that it believed the stipulation had resolved the discovery issue (Pl.'s Resp. 2), Renegade apparently had a different point of view because it filed the present Motion to Compel on August 10, 2011 (Docket # 48).

On August 15, 2011, at 9:37 a.m., this Court set a hearing on Renegade's Motion to Compel for August 24, 2011, and notified counsel for both parties electronically. (Docket # 50.) That same day, at 11:32 a.m., Romary served responses to Renegade's interrogatories via email, objecting to some on the grounds of attorney-client and work product privilege. (Pl.'s Resp. 1, 7.) On August 22, 2011, Romary filed its response to the present motion, arguing that Renegade's motion is now moot and was unnecessary, that the Court should preserve Romary's objections, and that Renegade is not entitled to attorney's fees. (Docket # 51.) In its September 1st reply, Renegade asserts that its motion to compel is not moot and was necessary, that Romary waived all objections, and that Renegade is entitled to attorney's fees. (Docket # 55.)

## III. STANDARD ON A MOTION TO COMPEL DISCOVERY

Federal Rule of Civil Procedure 33 empowers a party to serve written interrogatories on another party and imposes a duty on the served party to answer each interrogatory "separately and fully." FED. R. CIV. P. 33(a), (b); *Wilson v. Kautex*, No. 1:07-CV-60, 2008 WL 162645, at *3 (N.D. Ind. Jan. 14, 2008). Pursuant to Rule 37, "if a party does not respond to an interrogatory, the party requesting the discovery may move the Court to compel the opposing party to respond." *Wilson*, 2008 WL 162645, at *3; *see* FED. R. CIV. P. 33(a)(2)(B). Moreover, this Court has broad discretion in deciding whether to compel discovery. FED. R. CIV. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Wilson*, 2008 WL 162645, at *3.

## IV. DISCUSSION

### A. *Renegade's Motion to Compel is Deemed Moot as to Interrogatory Responses*

While Rule 37(a) authorizes a party to move to compel discovery, courts have denied such motions as moot when the disclosing party complies with the movant's discovery requests.

3

*Carrigan v. K2M, Inc.*, No. 09-CV-3149, 2011 WL 1790423, at *3 (C.D. Ill. May 10, 2011) (denying motion to compel as moot as to discovery already provided); *Merriweather v. Marion Cnty. Sheriff*, No. 1:02-CV-01881-SEB-VS, 2004 WL 1234119, at *3 (S.D. Ind. May 13, 2004) (denying plaintiff's motion to compel as moot because defendant finally complied with discovery request); *see, e.g.*, *Yisrayl v. Walker*, No. 09-cv-0457-MJR-SCW, 2011 WL 2532765, at *2 (S.D. Ill. June 24, 2011) (finding plaintiff's motion to compel moot when defendants claimed they provided the requested information and plaintiff did not contest this); *Allen v. Feinerman*, No. 3:07-cv-805 MJR, 2010 WL 1541570, at *2 (S.D. Ill. Apr. 16, 2010) (finding motion to compel moot when plaintiff resubmitted answers to an interrogatory erroneously excluded).

Here, although Romary had not answered Renegade's interrogatories by the time that Renegade filed its Motion to Compel on August 10, 2011, Romary did eventually comply with Renegade's interrogatory request on August 15, 2011. The Court recognizes, however, that Renegade may have sufficiency challenges to Renegade's answers. Therefore, the Court will DENY Renegade's Motion to Compel as MOOT subject to Renegade filing a further motion to compel after another Local Rule 37.1 conference if they deem the answers to be insufficient.

### B. Romary's Objections to the Interrogatories Are Not Waived

Under Rule 33(b)(4), any ground not stated in a timely objection to an interrogatory is waived unless the court, for good cause, excuses the failure. FED. R. CIV. P. 33; *Wilson*, 2008 WL 162645, at *3. Accordingly, "a party's failure to answer or object to interrogatories within 30 days of service may constitute a waiver of any objections that the party might have, which is a form of sanction for failure to comply with the rules of discovery." *1221122 Ontario Ltd. v.*

4

*TCP Water Solutions, Inc.*, No. 10 C 4942, 2011 WL 2516531, at *3 (N.D. Ill. June 23, 2011).

The imposition of waiver of objections as sanction for untimely discovery responses is a "harsh sanction," *Wilson*, 2008 WL 162645, at *3, and, consequently is reserved "for cases where the offending party was guilty of unjustified delay when responding to discovery," *Sajda v. Brewton*, 265 F.R.D. 334, 338 (N.D. Ind. 2009); *Ritacca v. Abbott Lab.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001). When the disclosing party raises an untimely objection on the grounds of privilege, courts have noted that waiver is particularly severe. *See Sajda*, 265 F.R.D. at 338; *Ritacca*, 203 F.R.D. at 335. As such, imposing a waiver of privilege as a sanction is "disfavored absent bad faith, wilfulness, or fault." *Sajda*, 265 F.R.D. at 338; *see Am. Nat'l Bank & Trust Co. of Chi. v. Equitable Life Assur. Soc'y of U.S.*, 406 F.3d 867, 879 (7th Cir. 2005) (reversing waiver where defendant submitted inadequate privilege log that it acknowledged required revision). In deciding whether waiver is appropriate,"[m]inor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver," while "evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver." *Ritacca*, 203 F.R.D. at 335 (citations omitted).

In general, the Seventh Circuit Court of Appeals has instructed district courts to consider four factors when deciding whether to sanction discovery violations: (1) the prejudice or surprise to the party against whom the evidence is being offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or wilfulness involved in not disclosing the evidence at an earlier date. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008).

When evaluating the prejudice in cases where the requested sanction is waiver, courts

consider if, and when, the disclosing party complied with the discovery requests. If the disclosing party ultimately responded to the discovery request within a reasonable time, courts have not found prejudice. *1221122 Ontario Ltd.*, 2011 WL 2516531, at *3 (finding no prejudice when defendants ultimately responded to requests about a month after the deadline); *see Bd. of Educ. of Evanston Twp. High Sch. v. Admiral Heating & Ventilating*, *Inc.*, 104 F.R.D. 23, 28 (N.D. Ill. 1984) (concluding that defendants did not waive their objections when they objected after discovery deadline passed but well before plaintiffs filed motion to compel). On the other hand, if a party responds to the discovery request and fails to immediately raise a privilege objection, that objection is more likely waived. *See Ritacca*, 203 F.R.D. at 335 (finding waiver of attorney-client privilege after plaintiff aggressively pursued documents for four months and defendant did not assert privilege during that time); *Jones v. Ada S. McKinley Cmty. Serv.*, No. 89 C 0319, 1989 WL 152352, at *4 (N.D. Ill. Nov. 28, 1989) (holding plaintiffs' work product objection was waived when they made no mention of privilege in their response or on two other occasions and first raised the privilege objection four months after discovery request).

As for the effect of the discovery delay on the litigation, if fact discovery is still open when the delay occurs, there is likely no disruption to the litigation. *1221122 Ontario Ltd.*, 2011 WL 2516531, at *3 (concluding that there was no disruption to trial where discovery was still open for another ten months when defendants responded); *Wilson*, 2008 WL 162645, at *3 (finding objections not waived when discovery was open for three months once defendants responded, there was no impending trial date, and the delay was only a matter of days).

Moreover, if the parties are engaged in ongoing communication and the discovery requests are eventually satisfied, courts have not found sufficient evidence of bad faith to justify

6

a finding that the disclosing party has waived their objections. *1221122 Ontario Ltd.*, 2011 WL 2516531, at *3; *accord Miller v. City of Plymouth*, No. 2:09-CV-205-JVB-PRC, 2011 WL 1740154, at *2 (N.D. Ind. May 5, 2011) (finding excusable neglect in delayed response to motion to strike partly because of ongoing correspondence between the parties from the time discovery was served to the time responses were served); *cf. Ashley v. Lake Cnty.*, No. 2:06 cv 360, 2008 WL 2954975, at *3 (N.D. Ind. July 29, 2008) (finding defendant waived objections when it was unresponsive to second set of interrogatories and plaintiffs could not make contact with it).

In the instant case, because Romary objects to Renegade's interrogatories on the grounds of attorney-client and work product privilege, the Court is particularly reluctant to impose waiver as a sanction absent a showing of bad faith, wilfulness, or fault. *See Sajda*, 265 F.R.D. at 338; *Ritacca*, 203 F.R.D. at 335. As this showing is crucial, the Court begins its analysis there. First, there is no evidence that Romary acted out of bad faith, wilfulness, or fault. Rather, Romary was engaged in ongoing communications with Renegade, which courts have found indicates a lack of bad faith. *See 1221122 Ontario Ltd.*, 2011 WL 2516531, at *3; *Miller,* 2011 WL 1740154, at *2. Moreover, Romary has plausible excuses for its delay—it believed the stipulation for extension of time resolved the discovery dispute and it experienced a pre-litigation data loss.

Even if Romary had acted wilfully or in bad faith, the imposition of waiver as a sanction would be too severe as Romary's delay did not prejudice Renegade. Romary *did* ultimately comply with Renegade's interrogatories about a month and a half after the deadline. While this is slightly longer than the one-month delay the court found non-prejudicial in *1221122 Ontario*

7

*Ltd.* and occurred after Renegade filed its motion to compel, *see Bd. of Educ. of Evanston Twp. High Sch.*, 104 F.R.D. at 28, Renegade was not prejudiced because its main concern was that it would not get Romary's responses in time to meet the deadline for invalidity contentions and, to prevent this, Romary stipulated to a three-week extension for filing the invalidity contentions. Therefore, even before Romary responded to the interrogatories, it attempted to cure the prejudice to Renegade by agreeing to extend the deadline for invalidity contentions. Additionally, unlike the parties in *Jones* and *Ritacca*, Romary raised the privilege objections in its actual response and did not wait another four months to do so.

Along with not prejudicing Renegade, Romary's delayed response did not interfere with the litigation because claim construction discovery was open for another six months—until January 27, 2012—when Romary responded, and the summary judgment deadline was not until March 15, 2012. (Docket # 47); *see 1221122 Ontario Ltd.*, 2011 WL 2516531, at *3 (fact discovery still open for ten months); *Wilson*, 2008 WL 162645, at *3 (fact discovery still open for three months). Moreover, there was no trial date set. *See Wilson*, 2008 WL 162645, at *3. Therefore, because discovery was still open for another six months and there was no impending trial date, Romary's untimely responses did not interfere with the litigation.

In sum, because waiver is such a harsh sanction, particularly when privilege objections are raised, and there is insufficient evidence of Romary's bad faith or wilfulness, and a lack of prejudice, the Court finds that Romary did not waive its objections.

### C. Renegade Is Entitled To Attorney's Fees

Under Rule 37(a)(5)(A), if a motion to compel is granted or if the requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard,

8

require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED R. CIV. P. 37(a)(5)(A); *Francis v. AIT Lab.*, No. 1:07-cv-0626-RLY-JMS, 2008 WL 2561222, at *4 (S.D. Ind. June 26, 2008). While waiver is a harsh sanction for a discovery delay, awarding attorney's fees is a less severe sanction that may be a sufficiently effective deterrent. *See Bank of Am., N.A. v. First Mut. Bancorp of Ill.*, Nos. 09 C 5108, 09 C 5109, 2010 WL 2364916, at *7 (N.D. Ill. June 14, 2010). To receive fees, the movant must have attempted in good faith to obtain disclosure before filing the motion. *Francis*, 2008 WL 2561222, at *4. Expenses may not be awarded, however, "[i]f the opposing party's nondisclosure was substantially justified, or an award of expenses would be otherwise unjust." *Id.* When the disclosing party responds to discovery requests after the movant filed a motion to compel, the disclosing party bears the burden of proving that an exception applies. *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009).

A good faith effort to resolve a discovery dispute "requires that counsel converse, confer, compare views, consult, and deliberate." *Hartford v. Schindler Elevator Corp.*, No. 1:09-CV-132, 2010 WL 5463293, at *1 (N.D. Ind. Dec. 29, 2010). It envisions "a genuine two-way communication where the parties engage in a meaningful dialogue to resolve the issues without judicial intervention." *Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-CV-841 AS, 2007 WL 1376289, at *1 (N.D. Ind. May 7, 2007). Such a dialogue occurs when the parties engage in bartering or negotiations rather than merely reciting their general stances on the issues. *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527 RM, 2007 WL 79312, at *7 (N.D.

9

Ind. Jan. 5, 2007). Local Rule 37.1 requires a party to file a certification with every discovery motion, giving the date, time, and place of an actual or attempted conference and the names of all the persons who participated. N.D. Ind. L.R. 3.71(b). Such certification has been deemed inadequate if the purported conferences lack specificity or merely amount to the exchange of a few letters or emails and nothing more. *See Shoppell v. Schrader*, No. 1:08-CV-284, 2009 WL 2515817, at *1 (N.D. Ind. Aug. 13, 2009) (finding certification inadequate when efforts were one letter and a brief phone conversation with an unspecified individual at opposing counsel's firm); *Pinkman v. Gen. Prod. Corp.*, No. 1:07-CV-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (holding that five letters standing alone were insufficient to amount to a real conference).

If the movant proceeded in good faith, the disclosing party may avoid paying attorney's fees by showing that its nondisclosure was substantially justified. *Schofield v. U.S. Steel Corp*, No. 2:04-CV-520-PRC, 2005 WL 3093483, at *5 (N.D. Ind. Nov. 18, 2005). "Substantially justified" is defined as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id.* When the disclosing party provides the requested discovery shortly after the motion to compel is filed, substantial justification has not been found for the delay. *See Francis*, 2008 WL 2561222, at *4 (finding no substantial justification in a misunderstanding of law or unawareness of deadline when plaintiff provided requested discovery day after motion was filed, in recognition of his obligation). Even a movant who has not suffered prejudice from the delay may be entitled to attorney's fees for the annoyance and unnecessary expenditure of resources involved in filing a motion to compel. *Id.* at *5.

The last exception to the presumption of awarding attorney's fees is that the award of attorney's fees would be unjust. Circumstances may be unjust "where the prevailing party . . .

acted unjustifiably." *Lorillard Tobacco Co.*, 259 F.R.D. at 328 (citation omitted). Once again, when the disclosing party provides the requested discovery shortly after the motion to compel is filed, an award of attorney's fees has not been found unjust. *Francis*, 2008 WL 2561222, at *4.

Here, it is clear that Renegade engaged in good faith efforts to resolve the discovery dispute before filing its motion to compel. As required by Local Rule 37.1, Renegade filed a separate document with its motion to compel, setting out the dates, times, and places of conferences with Romary, and the persons involved. Furthermore, this is not a case of simply a few emails being exchanged, *see Pinkman*, 2007 WL 4285376, at *1, or a brief phone call to an unspecified individual at the opposing party's law firm, *see Shoppell,* 2009 WL 2515817, at *1. Rather, Renegade sent several letters and emails to Romary and initiated a phone conference with the stated purpose of resolving Romary's untimely discovery. (Def.'s Mot. to Compel Ex. D.) In all of the exchanges, they engaged in genuine two-way communication involving negotiation. *See In re FedEx Ground Package Sys., Inc.*, 2007 WL 79312, at *7. Accordingly, Renegade acted with good faith to resolve the discovery dispute before filing its motion to compel.

As for Romary, Romary cannot show that it had substantial justification for its delay in answering Renegade's interrogatories. While, as noted above, Romary's conduct did not amount to willfulness or bad faith warranting a waiver of its objections, substantial justification is a different standard, meaning justified to a reasonable person, *Schofield*, 2005 WL 3093483, at *5, and attorney's fees are a less severe sanction. The fact that Romary answered the interrogatories five days after Renegade filed its motion to compel and mere hours after the Court set the motion for a hearing is most telling. It indicates that Romary was well aware of its obligation to answer

discovery, *see Francis,* 2008 WL 2561222, at *4, and yet Romary did not submit their discovery answers until weeks after the July 22nd telephone conference, after the Court's deadlines had to be extended, and after the motion was filed and the Court set it for hearing. Moreover, Renegade sent several reminders to Romary that the deadline had passed, and Romary acknowledged its untimeliness; regardless, Romary's answers were still over a month and a half late. Although Romary's excuses—pre-litigation data loss and its belief that the stipulation for extending the time for invalidity contentions resolved the issue—did not amount to bad faith or wilfulness, they also do not constitute substantial justification under the facts of this case.

Finally, Renegade acted justifiably in its pursuant of discovery responses. It tried informal methods, and when discovery was still outstanding a month and a half later, turned to the Court with the proper certification of its good faith efforts to resolve the dispute. Furthermore, within hours of the Court setting Renegade's motion to compel for hearing, Romary was able to answer Renegade's request, suggesting that Romary could have probably done the same days earlier, before Romary filed its motion. Therefore, the Court will GRANT Romary's Motion to Compel as it relates to attorney's fees, a less severe sanction than waiver.

## V. CONCLUSION

For the foregoing reasons, Renegade's Motion to Compel (Docket # 48) is DENIED IN PART as MOOT subject to Renegade filing a subsequent motion to compel after another Local Rule 37.1 conference and GRANTED IN PART as to attorney's fees. Renegade's counsel is granted until September 19, 2011, to file a petition for attorney's fees and supporting affidavit demonstrating the amount of fees and costs it seeks. The petition and affidavit should be tailored to facilitate calculation of the fees via the well-known "lodestar method," described in *Hensley v.*

12

*Eckerhart*, 461 U.S. 424, 433-34 (1983), and its progeny. The petition is to brief out in accordance with Local Rule 7.1(a).

SO ORDERED.

Entered this 8th day of September, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge