UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROMARY ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff / Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:10-CV-376 |
| | ) | |
| KIBBI LLC d/b/a RENEGADE | ) | |
| CUSTOM COACHES AND | ) | |
| TRAILERS, MCKIBBIN | ) | |
| ENTERPRISES, INC., and KIBBI, INC., | ) | |
| | ) | |
| Defendants / Counterclaim Plaintiffs. | ) | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on the Motion for Attorney Fees filed by Defendants Kibbi LLC, McKibbin Enterprises, Inc., and Kibbi, Inc., collectively, ("Renegade") (Docket # 57), requesting the attorneys' fees incurred from its Motion to Compel Plaintiff Romary Associates, Inc. ("Romary"), to answer Renegade's interrogatories (Docket # 48). Romary filed its Response in Opposition on October 3, 2011 (Docket # 58); Renegade's Reply followed on October 11, 2011 (Docket # 59). As such, the motion is now ripe for ruling. For the following reasons, the Court will GRANT Renegade's Motion for Attorney Fees, except that it will reduce the amount of Renegade's requested fees from $5,524.25[1] to $2,818.38.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On August 10, 2011, Renegade filed its Motion to Compel, asking this Court to compel

---

[1] This is Renegade's reduced fee request based on a concession in its Reply. (*See* Defs.' Reply 2.)

1

Romary to answer outstanding interrogatories, to find that Romary waived any objections to the interrogatories, and to award Renegade its attorneys' fees incurred in having brought the motion. (Docket # 48.) Because Romary had served responses to the outstanding interrogatories before the Court could rule on the Motion to Compel, the Court denied the motion in part as moot.[2] (Op. & Order Den. in Part & Granting in Part Mot. to Compel ("Order on Mot. to Compel") 4.) Noting the severity of the waiver sanction, the Court declined to impose waiver of objections as a penalty for Romary's discovery violations. (Order on Mot. to Compel 4-8.) At the same time, however, the Court found that Renegade was entitled to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A).[3] (Order on Mot. to Compel 8-9.) Accordingly, the Court then ordered Renegade to file a petition for attorneys' fees and supporting affidavit using the "lodestar method" described in *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983), and its progeny. (Order on Mot. to Compel 12-13.)

Pursuant to this order, Renegade filed its Motion for Attorney Fees on September 19, 2011, seeking $5,804.25 in attorneys' fees for fewer than twenty billable hours performed by four attorneys. (Defs.' Mot. for Att'y Fees 2.) Renegade asserts that Christopher Sullivan, the principal drafter of the opening and reply briefs in support of its Motion to Compel, did the bulk of the work. (Defs.' Mot. for Att'y Fees 2.) The rest of the work was spread out between David Allgeyer, a senior partner with more than twenty-eight years of experience, and Abigail Butler

---

[2] The Court denied the motion as moot "subject to Renegade filing a further motion to compel after another Local Rule 37.1 conference if they deem the answers to be insufficient." (Order on Mot. to Compel 4). According to Romary, as of October 3, 2011, Renegade has not sought such a conference. (Pl.'s Resp. 4 n.2).

[3] Rule 37(a)(5)(A) provides that if the requested discovery is served after the motion to compel is filed, a court must require the party whose conduct necessitated the motion to pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees." FED R. CIV. P. 37(a)(5)(A); *Francis v. AIT Lab.*, No. 1:07-cv-0626-RLY-JMS, 2008 WL 2561222, at *4 (S.D. Ind. June 26, 2008).

and Peter Meyer of Baker & Daniels LLP, local counsel who assisted with revisions to the briefs to conform them to local practices. (Defs.' Mot. for Att'y Fees 2.) Renegade made the following representations concerning its counsel's experience, hourly rates, and time expended on the Motion to Compel and accompanying memorandum:

| Attorney | Years Experience | Hourly Rate[4] | Total Hours Expended |
|---|---|---|---|
| David Allgeyer | 28 | $475 | .75 hour |
| Abigail Butler | 11 | $375 | 3.6 hours |
| Christopher Sullivan | 6 | $280 | 12.9 hours[5] |
| Peter Meyer | 3 | $245 | 1.3 hours |

(Defs.' Mot for Att'y Fees 4; Sullivan Aff. ¶ 9; Meyer Aff. ¶ 9; Defs.' Reply 2-3.)

In its Response in Opposition, Romary argues that Renegade's requested amount should be substantially reduced because much of the briefing for which Renegade seeks attorneys' fees was in support of arguments that the Court rejected, the required skill was low, the hours spent were excessive, the fee request includes unrelated tasks, and the amount requested exceeds the customary award for similar motions. (Pl.'s Resp. in Opp'n 1-2, 6.) As such, Romary asks for a twenty-seven percent reduction in Renegade's fee request—reflecting what Romary calculated as the percentage of Renegade's Motion to Compel devoted to its unsuccessful waiver argument—as well as a decrease in the number of hours worked to thirteen and the further one-

---

[4] As Renegade notes, Romary does not challenge the reasonableness of the hourly rates for Renegade's counsel. (Defs.' Reply 2; see Pl.'s Resp. in Opp.)

[5] Initially, Renegade sought fees for an additional hour of Sullivan's work for "draft[ing] additional correspondence regarding responses to document requests (.4)" and "additional document requests (.6)." (Sullivan Aff. ¶ 9.) As Romary pointed out in its Response, however, these were tasks unrelated to the Motion to Compel and, therefore, the total hours Sullivan spent should be reduced by one. (Pl.'s Resp. in Opp. 6.) Renegade conceded this in its Reply and subsequently reduced the disputed August 10, 2011, entry from 7.5 hours to 6.5 hours. (Defs.' Reply 2.) The entry on this table for total hours Sullivan expended incorporates the one hour reduction.

hour reduction for unrelated tasks, bringing the total award to only $2,641.31. (Pl.'s Resp. in Opp'n 3-4, 7.)

In its Reply, Renegade concedes that a one-hour reduction for unrelated tasks is warranted, but claims that Romary's other two arguments are unavailing. (Defs.' Reply 1-2.) First, while admitting that a motion to compel is not generally a specialized motion, Renegade argues that, in this case, its motion was not simply a standard motion to compel, but one that sought specific relief. (Defs.' Reply 3.) Moreover, Renegade asserts that its request for waiver in its Motion to Compel was not frivolous or without good cause and, therefore, its fee request should not be reduced simply because that argument was ultimately unsuccessful. (Defs.' Reply 5.) Accordingly, Renegade reiterates that it is entitled to its full attorneys' fees of $5,524.25 (as recalculated after the one-hour reduction for unrelated tasks). (Defs.' Reply 6.)

### III. DISCUSSION

*1. Applicable Law*

The district court enjoys "wide latitude" in establishing attorney fee awards. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003); *Greenfield Mills, Inc. v. Carter*, 569 F. Supp. 2d 737, 744 (N.D. Ind. 2008). In *Hensley*, the Supreme Court stated that the most useful starting point for a court to determine the amount of a reasonable fee is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"—the so-called "lodestar" determination. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002) (citing *Hensley*, 461 U.S. at 433). Furthermore, the court has an obligation to exclude hours that were not "reasonably expended" on the litigation from this initial fee calculation. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999) (quoting *Hensley*, 461 U.S. at 434). The court may then also

4

adjust the initial award based on various factors. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 n.1 (7th Cir. 1996).[6] The movant bears the initial burden of establishing and documenting its fees—and the appropriate hours expended and hourly rates—to the satisfaction of the court; once it has done so, those fees are presumptively appropriate unless challenged by the opposing party. *Greenfield Mills*, 569 F. Supp. 2d at 744 (citing *Hensley*, 461 U.S. at 437); *Elite Enter., Inc. v. ASC, Inc.*, No. 1:04-CV-94, 2006 WL 1520636, at *2 (N.D. Ind. May 30, 2006) (citing *Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir. 1986)).

When reporting the hours expended on the motion, counsel must exercise billing judgment in deciding which hours are reasonable and "properly billed to one's *adversary* pursuant to statutory authority." *Spegon*, 175 F.3d at 552 (quoting *Hensley*, 461 U.S. at 434) (emphasis in original). Billing judgment requires counsel to winnow the hours actually expended down to the hours *reasonably* expended. *Id.* (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998)). In using billing judgment, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434; *Spegon*, 175 F.3d at 552.

In determining whether the hours spent on preparing motions were reasonable, district courts within the Seventh Circuit Court of Appeals consider the complexity of the factual and

---

[6]These factors are the following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

legal issues involved.  *See, e.g.*, *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 330 (N.D. Ill. 2009); *Primex, Inc. v. Visiplex Tech.*, No. 05-C-515-S, 2006 WL 538992, at *4 (W.D. Wis. Feb. 24, 2006); *Doe v. Howe Military Sch.*, No. 3:95-CV-206RM, 1996 WL 939352, at *3 (N.D. Ind. Oct. 16, 1996).  As regards motions to compel in particular, one district court outside the Seventh Circuit has noted that "[t]here is nothing complex about a motion to compel documents requested and not received." *Findley v. Citimortage, Inc.*, No. 1:10-cv-12, 2010 WL 3810831, at *2 (N.D.W.Va. Sept. 27, 2010).

Within the Seventh Circuit, when courts have found motions to compel lacking in complexity, they have reduced the hours reasonably expended accordingly, oftentimes in half or more than half.  *Catapult Commc'n Corp. v. Foster*, No. 06 C 6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009) (cutting the hours worked in half because counsel spent an unreasonable amount of time on a motion that lacked complexity and billed for some activity that was not compensable); *Primex, Inc.*, 2006 WL 538992, at *4 (reducing hours expended considerably when motions to compel were not legally complex); *Mattenson v. Baxter Healthcare Corp.*, No. 02 C 3283, 2003 WL 22317677, at *1-2 (N.D. Ill. Oct. 9, 2003) (decreasing the hours spent preparing a non-complex, three-page motion to compel from 15.3 hours to 7 hours); *Cooper Tire & Rubber Co. v. Tri-State Tire, Inc.*, No. 85C6147, 1986 WL 9185, at *2 (N.D. Ill. Aug. 19, 1986) (decreasing amount of hours spent on preparing documents, including a motion to compel, in half due to the simplicity of the issues involved and short length of documents); *see Lorillard Tobacco Co.*, 259 F.R.D. at 330 (reducing the fees by fifty percent partly because they did not involve complex legal or factual issues); *cf. Doe*, 1996 WL 939352, at *3 (reducing the 65.5 hours three attorneys claimed they spent working on a non-complex

motion for protective order and supporting memorandum by two-thirds).

If a motion to compel consists primarily of facts with minimal or no citations to case law, a reduction in the number of hours expended in preparing and researching that motion is oftentimes warranted. *Maxwell v. South Bend Work Release Ctr.*, No. 3:09-CV-008-PPS-CAN, 2010 WL 4318800, at *5 (N.D. Ind. Oct. 25, 2010) (reducing hours spent on a three-page brief in support of a motion to compel that cited no case law from 7.4 hours to 3.5 hours); *Catapult Commc'n Corp.*, 2009 WL 2707040, at *2 (finding a reduction of the hours expended by half appropriate when, among other defects, no legal authority to support the entirely factual argument was cited in the motion to compel); *Arrington v. La Rabida Children's Hosp.*, No. 06 C 5129, 2007 WL 1238998, at *3 (N.D. Ill. Apr. 25, 2007) (reducing requested time when the brief in support of the motion to compel cited no case law). Similarly, when a motion to compel merely recites the relevant facts and includes black letter law or boilerplate language, a reduction in time expended is appropriate. *Arrington*, 2007 WL 1238998, at *3 (reducing hours reasonably expended when the motion to compel was "superficial and boilerplate"); *Nw. Nat'l Life Ins. Co. of Milwaukee, Wis. v. Lutz*, 933 F. Supp. 730, 735 (C.D. Ill. 1996) (stating that a "brief, which contains little more than the facts and a recitation of some black-letter law regarding attorney's fee requests should not have consumed 13 hours of [an attorney's] time").

In *Mattenson*, the plaintiff sought attorneys' fees for two motions to compel. 2003 WL 22317677, at *1-2. For the first motion to compel, which consisted of a three-page motion and a seven-page reply, the plaintiff claimed 59.9 hours of work, including the time spent reviewing the opposition to the motion. *Id.* at *1. Similarly, for the second motion to compel, which consisted of a three-page motion and a six-page reply, the plaintiff claimed 38.8 hours of work.

7

*Id.* at 2. The court found both of these hourly claims to be extremely high and held that, for both motions, "in light of the lack of complexity of the motion, including the required response by Plaintiff to the opposition to the motion, a reasonable amount of time spent on such filings is seven hours, calculated by allowing 2 hours for the preparation of the initial motion, 2 hours to properly reply to the motion and 1 hour for court appearances." *Id.*; *see also Doe*, 1996 WL 939352, at *3 (stating that the 65.5 hours expended by three attorneys on a motion for protective order and its 13-page memorandum was grossly unreasonable and excessive and reducing the hours by two-thirds to 6.5 hours). Thus, deleting the one hour for court appearances (since no court appearance was required here), it can be fairly said that, according to the *Mattenson* court, six hours is a reasonably useful measuring stick for gauging the appropriate amount of time spent on a short, non-complex motion to compel and its reply (there, around ten pages in all).

Along with looking at the amount of hours asserted in a fee request, courts also consider *who* is performing the work in deciding whether the claimed hours are reasonable. *E.g.*, *Catapult Commc'n Corp.*, 2009 WL 2707040, at *2 (finding an hour reduction appropriate where a partner billed 17.8 hours on a non-complex motion to compel because most of this work should have been done by the assisting associate attorney). For instance, in *Heneghan v. City of Chi.*, No. 09 C 0759, 2010 WL 3715142, at *2 (N.D. Ill. Sept. 14, 2010), the district court held that "a first year associate spending slightly over five hours on an eight page motion to compel is reasonable." On the other hand, another district court found that twenty-two hours was an unreasonably large amount of time for two experienced attorneys to spend in bringing a motion to compel lacking highly complex legal issues, especially because it was a joint motion to compel. *EEOC v. Accurate Mech. Contractors, Inc.*, 863 F. Supp. 828, 834-35 (E.D. Wis. 1994).

Therefore, when considering whether the hours an attorney claims he expended were reasonable, courts should consider not only whether the motion is complex or includes more than boilerplate language, but also the experience level and skill of the attorney.

Furthermore, if more than one attorney is involved in preparing, researching, or reviewing a motion, duplication becomes a concern. While "efficiency can sometimes be increased through collaboration, overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicate billing when multiple lawyers seek fees." *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009). When multiple attorneys are simultaneously researching, preparing, and drafting a single motion, it will inevitably lead to unnecessary duplication, which the court must take account of in determining the hours reasonably expended. *See Doe*, 1996 WL 939352, at *4. Moreover, "[t]ime spent on duplicative work or work consisting solely of communications among the various attorneys acting as co-counsel for the plaintiffs can not be allowed because such time was duplicative and unnecessary and, therefore, not reasonably spent." *Id.*; *accord Arrington*, 2007 WL 1238998, at *3 (reducing hours because of duplicate entries when co-counsel each billed time for conferring with one another); *Primex, Inc.*, 2006 WL 538992, at *6 (disallowing co-counsel's duplicate hours spent receiving and reviewing correspondence with opposing counsel). Therefore, duplication of work can further reduce the number of hours reasonably expended.

*2. Analysis*[7]

In the instant case, Renegade claims a total of 18.55 hours spent by four attorneys—12.9 by Christopher Sullivan, 3.6 by Abigail Butler, 1.3 by Peter Meyer, and .75 by David Allgeyer—preparing, reviewing, and conferring on the Motion to Compel and the seven-page (excluding the certificate of service) Brief in Support of the Motion to Compel and the little over five-page (excluding the certificate of service) Reply. In total, this amounts to about twelve pages of substantive content. While this may very well be the time the four attorneys spent on the motion, the attorneys should have exercised proper billing judgment in winnowing these hours down to those *reasonably* expended, *Spegon*, 175 F.3d at 55 (quoting *Case*, 157 F.3d at 1250), and excluded the excessive, redundant, and unnecessary hours, *Hensley*, 461 U.S. at 434.

Considering the substance of the Motion to Compel, there is nothing legally or factually complex about the issues involved in the motion. At the time that Renegade filed its Motion to Compel, "there [was] no dispute about the scope or nature of the interrogatories themselves"; in fact, Romary had not responded at all to Renegade's interrogatories. (Defs.' Br. in Supp. of Mot. to Compel 4.) Moreover, approximately two pages of the motion are spent on the quite simple argument that "a party must answer interrogatories." (Defs.' Br. in Supp. of Mot. to Compel 3-5.) The waiver argument encompasses just a page of the brief in support of the motion, while the request for attorneys' fees is half of a page. (Defs.' Br. in Supp. of Mot. to Compel 5-6.) Although the nature of the case—concerning intellectual property—may be complex, the Motion

---

[7]Romary also argued that, because the Court denied significant portions of the Motion to Compel, Renegade's fee request should be reduced by the percentage of the content of Renegade's initial brief and reply that was unsuccessful—which Romary calculates as 27%. Rather than engage in questionable mathematical calculations such as this, the Court confines its analysis to the hours reasonably expended by Renegade's four attorneys. Moreover, even if Romary's proposed mathematic formula were reliable, Renegade undertook the unsuccessful waiver argument, which Romary points to as the reason for such a reduction, in good faith. As such, the Court will not reduce Renegade's fee request based upon the lack of success of this argument.

to Compel did not involve complex legal or factual issues. At the time of filing, the motion was essentially a motion to compel documents requested and not received, which "[t]here is nothing complex about." *Findley*, 2010 WL 3810831, at *2. Renegade's Reply, filed after Romary served its interrogatory responses, is short (just over five pages) and essentially expands on some of Renegade's factual arguments, failing to introduce any complex legal or factual issues. (*See* Docket # 55.) Because of the lack of complexity involved, the Court will therefore reduce the hours counsel reasonably expended on the motion.

The Court will also reduce the hours reasonably expended because of the boilerplate language contained in the Motion to Compel. While the motion cites to case law, much of the four page argument section in the supporting brief consists of boilerplate language reciting black letter law on discovery (*see* Defs.' Br. in Supp. of Mot. to Compel 3-6), which courts have found justifies a reduction in hours expended, *see Arrington*, 2007 WL 1238998, at *3; *Nw. Nat'l Life Ins. of Milwaukee*, 933 F. Supp. at 735. As for Renegade's Reply, it cites to five cases, only one of which is within this district. (*See* Defs.' Reply to Mot. to Compel 3-5.) Briefs, which contain "little more than the facts and a recitation of some black-letter law regarding attorney's fees requests," should not have consumed almost thirteen hours of Sullivan's time, let alone over eighteen hours of four attorneys' time. *Nw. Nat'l Life Ins. of Milwaukee*, 933 F. Supp. at 735. Thus, a reduction of hours spent is warranted on this ground as well.

Turning to who performed the work on the Motion to Compel, the Court notes that the main drafter, Christopher Sullivan, is a partner and has six years of experience; yet, he spent 12.9 hours on the motion, the supporting memorandum, and the reply, none of which contained complex factual or legal issues. While spending five hours on an eight-page motion to compel

may be reasonable for a first year associate, *see Heneghan*, 2010 WL 3715142, at *2, spending almost thirteen hours on a seven-page brief in support of a garden variety motion to compel and the five-page reply is unreasonable for a partner with six years of legal experience (*see* Defs.' Mot. for Att'y Fees Ex. C; Sullivan Aff. ¶ 2). In terms of the 18.55 total hours spent by the four attorneys, just as 22 hours was an unreasonably large amount of time for two experienced attorneys to spend in bringing a non-complex joint motion to compel, *EEOC*, 863 F. Supp. at 834-35, 18.55 hours was an unreasonable amount of time for four attorneys, ranging from three to twenty-eight years of experience, to spend on a non-complex motion to compel, even though it was not a joint one. Although the attorneys in *EEOC*, may have had more experience (around thirteen years each), *see id.* at 834, than three of the attorneys here, there was also double the amount of attorneys working on the motion in the instant case—four as opposed to just two in *EEOC*. Such factual differences will almost always exist, but, at least in this case, they do not prevent the *EEOC* case from being a legitimate benchmark for the number of hours reasonably expended on a non-complex motion to compel.

Because four attorneys worked on this motion, duplication is a concern that must be addressed. *See Schlacher*, 574 F.3d at 858; *Doe*, 1996 WL 939352, at *4. Here, a few entries suggest the possibility of duplication. On August 9 and 10, 2011, Abigail Butler billed .5 hours and .3 hours, respectively, conferring with Peter Meyer and Christopher Sullivan concerning the Motion to Compel. (Meyer Aff. ¶ 9.) On August 10, 2011, Peter Meyer also billed .8 hours for reviewing and filing the Motion to Compel and conferring with lead counsel on the Motion to Compel. (Meyer Aff. ¶ 9.) However, "work consisting solely of communications among the various attorneys acting as co-counsel for the [defendants] cannot be allowed because such time

was duplicative and unnecessary and, therefore, not reasonably spent." *Doe*, 1996 WL 939352, at *4. Renegade bears the burden of establishing and documenting the appropriate hours expended. *See Greenfield Mills*, 569 F. Supp. 2d at 744; *Elite Enter., Inc.*, 2006 WL 1520636, at *2. By failing to show its attorneys' work was not duplicative, Renegade has not born its burden, giving the Court yet another reason to reduce the hours reasonably expended.

The hours Renegade's four attorneys expended on the Motion to Compel and accompanying memorandum will therefore be reduced because of the simplicity of the issues involved, the prevalence of boilerplate language, and the suggestion of duplication. The remaining question concerns the amount of that reduction. As noted above, other courts in the Seventh Circuit have reduced the hours reasonably expended on non-complex or boilerplate motions to compel by half or more than half. *Maxwell*, 2010 WL 4318800, at *5 (reducing hours from 7.4 to 3.5); *Catapult Commc'n Corp.*, 2009 WL 2707040, at *2 (cutting hours in half), *Mattenson*, 2003 WL 22317677, at *1-2 (decreasing hours spent from 15.3 to 7); *Cooper Tire & Rubber Co.*, 1986 WL 9185, at *2 (cutting hours in half); *see Lorillard Tobacco Co.*, 259 F.R.D. at 330 (reducing fees by half); *cf. Doe*, 1996 WL 939352, at *3 (reducing hours spent on non-complex motion for protective order by two-thirds). Furthermore, the district court in *Mattenson* stated that a reasonable amount of time spent on a non-complex motion to compel, and its supporting memorandum, a total of around ten pages, was six hours. *See* 2003 WL 22317677, at *1-2.

Considering these benchmarks, and taking into account that this Motion to Compel and accompanying memorandum totaled about twelve pages (excluding exhibits, affidavits, and certificates of service), more hours were generated on this straightforward and non-complex

13

motion than was reasonably necessary, and the Court will therefore reduce the hours each attorney spent by half. Accordingly, the time each attorney reasonably expended is as follows:

| **Attorney** | **Hourly Rate** | **Claimed Hours Expended** | **Hours Reasonably Expended** | **Amount of Fees** |
|---|---|---|---|---|
| David Allgeyer | $475 | .75 hours | .375 hours | $178.13 |
| Abigail Butler | $375 | 3.6 hours | 1.8 hours | $675.00 |
| Christopher Sullivan | $280 | 12.9 hours | 6.45 hours | $1,806.00 |
| Peter Meyer | $245 | 1.3 hours | .65 hours | $159.25 |
| | | | | |
| **Totals**: | | | 9.275 hours | $2,818.38 |

## IV. CONCLUSION

Based on the foregoing, Renegade's Motion for Attorney Fees (Docket # 57) is GRANTED, except Renegade's requested fees in the amount of $5,524.25 will be reduced to $2,818.38. Therefore, Romary shall pay Renegade's attorney fees in the amount of $2,818.38 for the expenses incurred in filing its Motion to Compel.

SO ORDERED.

Entered this 18th day of October, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

14